No. 13892

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

VICTORIA M. ZELL,

Defendant and Appellant,

-vs-

RAYMOND W. ZELL,

Plaintiff and Respondent.

---

Appeal from:  District Court of the Ninth Judicial District,
Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

For Appellant:

Smith, Emmons, Baillie & Walsh, Great Falls, Montana

For Respondent:

Frisbee and Moore, Cut Bank, Montana

Argument submitted on briefs

---

Submitted: August 9, 1977

Decided: SEP 21 1977

Filed: SEP 21 1977

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

This is an appeal by the wife from the property division rendered in a divorce action. No issue is taken to the granting of the divorce nor the custody decree.

This appeal marks the second time these parties have been before this Court. On June 6, 1977, this Court rendered its opinion in Zell v. Zell, ___Mont.___, 565 P.2d 311, 34 St.Rep. 492 (1977). That opinion was limited to the motion to dismiss on the grounds the notice of appeal was not timely filed and did not address itself to the merits of the appeal.

The parties to this appeal were married on November 21, 1945. Four children have been born from this marriage. All but one, Gay Loree, are of majority age. At the time of the marriage the parties owned no material property. Mr. Zell had a net worth of about $2,000. After their marriage the parties came to Montana and acquired property. All of the property involved in this appeal was acquired during the marriage.

The property in question is as follows:

Parcel A:    The residence presently occupied by Victoria M. Zell and children of the parties located at 800 First Street South in Shelby, Montana and described as:

Lots 1, 2, 3 and 4 of Block 33, of Johnsons First Addition to the Townsite of Shelby, Montana which has a reasonable value of $75,000.00, and title to which is in the name of defendant.

Parcel B:    Rental property consisting of a house located at 327 Eighth Avenue North in Shelby, Montana described as:

Lots 4 and 5 in Block 41 of the Original School Addition to the Townsite of Shelby, Toole County, Montana which has a reasonable value of $25,000.00, and title to which is in the joint names of the parties.

Parcel C:    Country Farm Land in Toole County described as:

Township 31 North, Range 2 West

                    Section  7:  E 1/2
                    Section 17:  W 1/2 NW
                    Section 18:  NE 1/4
                    Section  5:  W 1/2 SE 1/4, E 1/2 SW 1/4
                    Section  8:  SW 1/4, less 6 acres taken for a
                    Missle Site, which has a reasonable value of
                    $132,000,00, and title to which is in the
                    joint names of the parties.

        Parcel D:  Various farm leases consisting of written
                   leases or verbal leases or extensions of verbal
                   leases standing in the name of Raymond W. Zell
                   and covering the following described property,
                   to-wit:

                   All in Toole County, Montana:

                   Township 31 North, Range 2 West

                   Section  5:  NE 1/4, NW 1/4
                   Section  8:  NE 1/4, SE 1/4

                   Township 32 North, Range 2 West

                   Section 31:  W 1/2

                   Township 32 North, Range 3 West

                   Section 24:  SE 1/4
                   Section 25:  E 1/2, SW 1/4
                   Section 26:  E 1/2
                   No value for these leases, separate and apart
                   from the value of Parcel C, was established by
                   the evidence.

        Parcel E:  Farm machinery, vehicles and equipment having
                   a reasonable value of $50,000.00.

        Parcel F:  1975 crop and summerfallow.

        Parcel G:  Household furnishings and miscellaneous personal
                   property.

        Parcel H:  Bank accounts and grain.

        Parcel I:  Real property interests inherited by Raymond
                   W. Zell.

The district court made the following disposition of the

property in question:

        Parcel A:  The residence occupied by Victoria M. Zell was

left in the wife's name.

        Parcel B:  The rental house was given to the husband.

        Parcel C:  The farm land was partitioned equally between

the parties.

- 3 -

Parcel D: The leases were divided between the two parties.

Parcel E: The farm machinery was given to the husband.

Parcel F: All of the 1975 crops were divided equally between the parties after the husband was reimbursed for the costs of production.

Parcel G: Miscellaneous personal property was to remain in the name of the party in whose name it is already in.

Parcel I: Parcel I is the sole property of Raymond W. Zell being property which he recently inherited consisting of un-divided interests in real estate.

The basic breakdown of the property division was as follows:

| To the Husband: | Rental House | $25,000 |
| | Machinery | 50,000 |
| | | $75,000 |
| | | |
| To the Wife: | Family Home | $75,000 |

The district court made a finding that the parties had made approx-imately an equal contribution to the accumulation of the property in question and that each party owned an equal interest in that property. From this finding and judgment, the wife appeals.

The wife raises this issue on appeal:

Did the district court err in its division of property, in this action for divorce by failing to make an equal division of the property?

The wife contends that the district court abused its dis-cretion in taking into account the family residence and that equity requires that the family house be left in the wife's name and that equal distribution of the remaining property be ordered. We disagree.

The trial transcript supplied to this Court refutes the wife's claim that she provided all of the funds to purchase the family home. While being cross-examined the husband made this

- 4 -

statement:

"Q. And then your wife put up most of that money to buy the house initially, is that correct? A. I believe that she had -- let's see -- if I recall it right I believe she told me she had $35,000.00 in savings, and that came off the farm originally, I think. She took some of that money to make the down payment on the house."

Nowhere in the record is this statement refuted. The statement thereby evidences contribution by the husband. The money used for the down payment came originally from the farm proceeds which were generated by the joint efforts of both parties. The husband's practice was to divide equally the crops without deducting any costs of production. The district court did not abuse its discretion by including the family house with the other property which was accumulated during the marriage by the joint efforts of the parties.

Section 48-321(1), R.C.M. 1947, controls the district court's consideration and disposition of the marital property. Guidelines for the district court's consideration in a property division were outlined by this Court in Biegalke v. Biegalke, ____Mont.____, 564 P.2d 987, 34 St.Rep. 401 (1977).

Here, the district court in its finding of fact No. 7 found:

"7. The parties have made approximately equal contributions to the accumulation of the property described as Parcels A through H and in fact and equity own equal interests in that property."

The district court then went on and awarded an approximately equal division of the property to each party.

It is well settled in Montana that a district court has far reaching discretion in resolving property divisions and its judgment will not be altered unless a clear abuse of that discretion is shown. Eschenburg v. Eschenburg, ____Mont.____, 557 P.2d 1014, 1016, 33 St.Rep. 1198 (1976). The criteria for reviewing the district court's discretion is: Did the district

- 5 -

court in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all the circumstances. Berthiaume v. Berthiaume, ____Mont.____, ____P.2d____, 34 St.Rep. 921 (1977).

A reading of the trial record, the findings of fact and conclusions of law adopted by the district court indicates that the presiding judge took into consideration each of the assets claimed by the parties, as well as the individual contribution of each party. The district court concluded that the parties made approximately equal contributions to the accumulation of the property. We find no abuse of discretion in the district court's judgment which affects an equal property division based upon equal contributions by each party. As this Court stated in Eschenburg at p. 1016:

> "Each case depends upon its own facts and circumstances and this case warranted an equal distribution."

The judgment is affirmed.

_____
                              Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 6 -