No. 14624

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

IN RE THE MARRIAGE OF:

JOYCE M. MABERRY,

Petitioner and Respondent,

-vs-

RAY G. MABERRY,

Respondent and Appellant.

Appeal from: District Court of the Eighth Judicial District,
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

John M. McCarvel, Great Falls, Montana

For Respondent:

Marra, Wenz, Iwen and Johnson, Great Falls, Montana

Submitted on briefs: June 29, 1979

Decided: AUG 1 3 1979

Filed: AUG 1 3 1979

*Thomas J. Kearney* Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by respondent (husband) from the decree of divorce and division of the marital estate and denial of a motion for a new trial in the District Court of the Eighth Judicial District, County of Cascade.

The parties were married over 20 years ago and at the time of their marriage had little or no assets. Three children were born of the marriage: Donna, now 21 years old; Timothy, now 18 years of age; and Thomas, now 17 years of age and residing away from both parents. Timothy has a learning disability, is borderline retarded and has petit mal epilepsy and resides with his mother. Petitioner (wife) is 41 years old and has been a full-time housewife since 1957. She is in good health and has done part-time work since the parties separated in 1977, with average earnings of $148 per month. Respondent is 43 years old, able-bodied, has worked steadily for 20 years as a carpenter and has been self-employed since 1977. His earnings have steadily increased, and from December 15, 1977, to May 15, 1978 (five months), his earnings were $18,018 with business expenses of about $4,120. All property of the parties has been accumulated during the marriage.

The assets of the parties consist of:

Real: Home in Great Falls valued at $62,000, minus a mortgage of $9,941.08; cabin at Lincoln, Montana, valued at $45,000 with no liens thereon.

Personal: 1976 Ford Granada, lien $2,251.26; 1975 Ford 3/4 ton pickup, lien $1,500; three snowmobiles; two pool tables; and, a boat.

The District Court found:

1. The best interest of the child under the disability, Timothy, would be served in his mother's custody with reasonable visitation remaining in respondent.

2. Petitioner is entitled to $300 maintenance for a period of two years to readjust back into the labor market.

3. Respondent should pay $100 per month for the care and support of Timothy together with all reasonable medical, doctor, hospital, dental, and optical expenses incurred on behalf of Timothy until he becomes self-supporting.

4. The exclusive use of the Great Falls home to petitioner and she must pay taxes, insurance, etc. Respondent is to make the $200 a month payment until Timothy leaves the residence. The residence should then be sold and the net sales proceeds divided equally between the parties except that respondent may deduct $100 or one-half of the monthly payments paid by him on behalf of petitioner until the date of sale, before the net division between the parties. The cabin at Lincoln is to be sold and the net proceeds divided equally between the parties.

5. The Ford Granada should go to petitioner and the pickup to the respondent, each to make the payments on the balance due on their vehicle.

6. One snowmobile was given to petitioner and two snowmobiles to respondent. In addition, the two pool tables and boat went to respondent.

7. Each party was to pay their own attorney fees and costs.

The husband presents three issues for review by this Court:

1. Did the trial court err in failing to grant respondent's motion for a new trial?

2. Did the trial court err in ordering child support payments to be paid by respondent when no minor child resides with petitioner?

3. Did the trial court err in failing to establish a net worth of the marital estate prior to granting maintenance to petitioner?

The motion for new trial was properly denied by the trial court. Section 25-11-103, MCA. This section requires demonstration of grounds set forth in subsections (1), (3), and (4) of section 25-11-102, MCA. This standard has not been pleaded or proved in the record before this Court.

It is public policy in Montana to require parents to care for children who are suffering from disability and unable to care for themselves if the parents are able to do so. See also section 40-4-204, MCA. There are also numerous treatises supporting this position. The Uniform Marriage and Divorce Act adopted in Montana supports this position.

There is no evidence in the record that the trial court did not establish the net worth of the marital estate prior to granting maintenance to petitioner.

Finding no error or abuse of discretion, the judgment of the trial court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices