No. 14668

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

IN RE THE MARRIAGE OF

SHIRLEY M. VASHLER,

Petitioner and Respondent,

and

JOHN J. VASHLER,

Respondent and Appellant.

Appeal from:  District Court of the Thirteenth Judicial
District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

Moses, Tolliver and Wright, Billings, Montana

For Respondent:

Sandall and Cavan, Billings, Montana

Submitted on briefs:  August 1, 1979

Decided: OCT 2 1979

Filed:  OCT 2 1979

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from the judgment of the District Court, Yellowstone County, dissolving the marriage of the parties, dividing the marital estate and fixing maintenance and support payments.

The husband John J. Vashler appeals from the division of the marital estate and the fixing of maintenance and support payments. We decide the matter on briefs without oral argument.

The parties to this action were married on August 7, 1954, in Billings, Montana. At the time of the marriage the husband was employed with a printing company and the wife worked at a local laundry. After five years of marriage the parties used the money that the wife had earned for a down payment on a house. Thereafter, the wife terminated her employment, became a homemaker, and did not work outside of the home during the rest of the marriage.

Two children were born of this marriage, Jay Darrell Vashler, age 18 years at the time of the divorce, and Loren Lynn Vashler, age 9 years. Jay Vashler pursues his college education at Montana State University. Loren Vashler resides at the family residence and attends school in Billings, Montana.

At the time of the dissolution the parties' property consisted of a house, furniture, fixtures and other personal property in or about the house, a 1974 Pontiac automobile, a 1974 pick-up truck, a 1962 Pontiac automobile, a checking account, and a savings account. It was agreed by the parties that the total value of the marital estate was $48,450.

The District Court found that the husband's average net take home pay was approximately $1,200 per month for the five

months of January through May 1978.  The District Court also
found that the husband's average take home pay was $1,300
per month from June 1, 1978 through August 1978, due to a
wage increase.  The District Court found the wife to be
employable, but doubted whether she could find employment at
much over the minimum wage.

The decree of dissolution granted custody of Loren,
the minor child, to the wife subject to the husband's right
to visitation.  The District Court ordered that the husband
pay $200 per month for the support of the minor child until
Loren reached the age of majority, or finished high school,
whichever occurs last.

The District Court ordered that title to the home remain
in the name of the husband and the wife as joint tenants with
right of survivorship.  The wife was granted exclusive use
of the home, rent free, until Loren reached eighteen or
finished high school or until the wife should remarry.  Upon
the occurrence of any one of these events, the home is to
be sold and the parties must equally divide the proceeds.

In addition, the District Court ordered the husband to
pay $250 per month for the first six months following the
entry of judgment, and $150 per month for the following thirty
months, to the wife for support and maintenance.  The support
and maintenance award would terminate at the end of three
years, or earlier if the wife were to remarry.

The District Court equally divided the savings account.
The 1974 Pontiac was awarded to the wife and the 1974 pickup
truck and the 1962 Pontiac were awarded to the husband.

The issues presented on appeal are:

1.  Was it proper for the court to keep title to the
house in joint tenancy?

2. Was the award of maintenance supported by the evidence?

3. Was the award of maintenance in accord with the Montana Marriage and Divorce Act?

4. Can the District Court properly take into consideration certain overtime hours worked by the husband in determining his gross income potential?

The substance of this appeal is whether the District Court abused its discretion in the distribution of the marital estate and in its award of maintenance. This Court has addressed this issue in several recent decisions. Kaasa v. Kaasa (1979), ____ Mont. ____, 591 P.2d 1110, 36 St.Rep. 425; In Re Marriage of Jorgensen (1979), ____ Mont. ____, 590 P.2d 606, 36 St.Rep. 233; Kramer v. Kramer (1978), ____ Mont. ____, 580 P.2d 439, 35 St.Rep. 700; and Johnsrud v. Johnsrud (1977), ____ Mont. ____, 572 P.2d 902, 34 St.Rep. 1417.

The approach which we have used in considering this issue was stated in Zell v. Zell (1977), ____ Mont. ____, 570 P.2d 33, 35, 34 St.Rep. 1070, 1074, in this language:

> "It is well settled in Montana that a district court has far reaching discretion in resolving property divisions and its judgment will not be altered unless a clear abuse of that discretion is shown. (Citation omitted.) The criteria for reviewing the district court's discretion is: Did the district court in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all the circumstances."

The husband contends that it was an abuse of discretion for the District Court to leave the title to the house in joint tenancy with right of survivorship. He contends that this runs counter to the principle that the husband is entitled to one-half of the residence, because he would be divested of an interest if he were to die before the youngest child reached eighteen or finished high school.

-4-

The District Court judge has a wide range of discretion in disposing of marital property under section 40-4-202, MCA. In this case the disposition of the property was well within the permissible boundaries of this statute. Nowhere in this statute or in the judgment is it provided that the husband is entitled immediately to one-half of the residence. The husband's interest in the real property as a joint tenant is uneffected by the court's decree. The husband's right of survivorship is not disturbed. All the order of the District Court does is postpone any transfer of the interest of the husband until the conditions of the decree have been met.

It was not an abuse of discretion for the District Court to decree that the title to the house was to remain in joint tenancy with right of survivorship.

The husband next contends that the award of maintenance was not supported by the evidence and that the award of maintenance was not in accord with the applicable statutory provisions. We will consider these contentions together.

Section 40-4-203, MCA, provides as follows:

"Maintenance. (1) In a proceeding for dissolution of marriage or legal separation or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

"(a) lacks sufficient property to provide for his reasonable needs; and

"(b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances makes it appropriate that the custodian not be required to seek employment outside the home.

"(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant facts including:

-5-

"(a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

"(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

"(c) the standard of living established during the marriage;

"(d) the duration of the marriage;

"(e) the age and physical and emotional condition of the spouse seeking maintenance; and

"(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance."

The wife received the house to live in free of debts, plus an automobile and the other items from the marital estate which are listed above. The record discloses that the wife cannot provide for her needs with this property.

The District Court found that the wife could only earn the prevailing minimum wage due to her lack of formal education and training. In addition, she has custody of a nine year old child, and this added responsibility further decreases her ability to secure employment. The maintenance payments are to be made for only three years and will decrease from $250 per month to $150 per month six months following the entry of judgment. After the three year time period expires the wife will be required to support herself. She will receive $200 per month as child support until the child reaches the age of eighteen or graduates from high school. The District Court also found that the husband has a net income of $1,200 to $1,300 per month.

In light of these facts we hold that the award of maintenance is supported by the evidence and is within the scope of section 40-4-203, MCA.

-6-

The husband's last contention is that it was error for the District Court to consider his overtime pay. The District Court found that the husband averaged about four hours of overtime per week for which he received increased compensation. There is uncontested evidence that the husband averaged five hours a week overtime for the full year of 1977, and that he averaged six to seven hours of overtime from January 1, 1978 through May 1978. For the District Court to estimate that the husband averaged four hours of overtime per week is not error. We cannot say that the District Court's disposition of this case was arbitrary, "without employment of conscientious judgment, or exceed[ed] the bounds of reason in view of all the circumstances." Zell, supra, ____ Mont. at ____, 570 P.2d 35, 34 St.Rep. at 1074.

The judgment is affirmed. The costs on appeal are awarded to respondent pursuant to Rule 33, M.R.App.Civ.P.

_____
                                Chief Justice

We Concur:

_____

_____

_____

_____
              Justices

-7-