No. 14622

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

IN RE THE MARRIAGE OF
DORIS F. SCHWARTZ,

                Petitioner and Respondent,

    vs.

CLYDE L. SCHWARTZ,

                Respondent and Appellant.

---

Appeal from:  District Court of the Third Judicial District,
            Honorable Robert J. Boyd, Judge presiding.

Counsel of Record:

    For Appellant:

        J. Allen Bradshaw, Philipsburg, Montana

    For Respondent:

        Radonich and Brolin, Anaconda, Montana

---

                Submitted on briefs: September 12, 1979

                        Decided: NOV 8 1979

Filed: NOV 1979

*Thomas J. Kearney*    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from a decree distributing marital property following a divorce in the Granite County District Court.

Clyde and Doris Schwartz were married on August 2, 1966 in Waukegan, Illinois. In 1973 they moved to Montana and bought property south of Philipsburg on which the family home is located. On September 29, 1977, the wife filed a petition for dissolution of marriage, custody of two minor children, and a division of the marital property. The husband is disabled and is receiving social security benefits.

The only contested issue in the District Court was the disposition of the family home and household furnishings. They were awarded to the wife until the children are emancipated or reach majority. Thereafter the house is to be disposed of in a manner which will ensure that each party receives one-half of the equity. From the District Court's decree, the husband appeals.

The husband has raised four issues on appeal:

1. Did the District Court abuse its discretion in its award of the marital property?

2. Error in failing to establish the net worth of the marital property of the parties;

3. Sufficiency of the evidence to support the decree;

4. Error in admitting evidence of bank deposits and transfers.

Under Montana law a District Court has far-reaching discretion in resolving property divisions following divorce and its judgment will not be altered unless a clear abuse of discretion is shown. Zell v. Zell (1977), ____Mont.____, 570 P.2d 33, 34 St.Rep. 1070. In the instant case there has been no showing that the disposition of the family home and furnishings was an

abuse of discretion.

Ordinarily the trial court must first determine the net worth of the parties at the time of their divorce before a proper distribution of marital property can be made. Vivian v. Vivian (1978), ____Mont.____, 583 P.2d 1072, 35 St.Rep. 1359. But where, as here, the only issue is the disposition of the family home and furnishings, the net value thereof was not an issue. Under such circumstances, the failure of the District Court to find the net worth of the marital property is of no consequence.

The findings of a trial judge will not be disturbed on appeal where they are based on substantial though conflicting evidence, unless there is a clear preponderance of evidence against such findings. Cameron v. Cameron (1978), ____Mont. ____, 587 P.2d 939, 35 St.Rep. 1723. Here the findings of the trial judge are based on substantial evidence and the evidence does not preponderate against them.

Finally, the husband claims error in admitting in evidence exhibits pertaining to bank deposits and checks. This evidence has nothing to do with the property in dispute. Error may not be predicated upon a ruling which admits or excludes evidence unless it affects a substantial right of the objecting party. Rule 103(a), Mont.R.Evid. Here the evidence is extraneous to the matter in controversy and error cannot be predicated thereon.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

- 3 -