No. 14872

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

IN RE THE MARRIAGE OF

KENNETH REESE,

Petitioner and Respondent,

vs.

MARTHA LOUISE REESE,

Respondent and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellant:

Datsopoulos and MacDonald, Missoula, Montana

For Respondent:

Garnaas, Hall, Riley & Pinsoneault, Missoula, Montana

---

Submitted on briefs: November 14, 1979

Decided: DEC 31 1979

Filed: DEC 31 1979

_Thomas J. Kearney_ Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Martha Louise Reese appeals from a property division and maintenance award entered in a marital dissolution action in the Fourth Judicial District, Missoula County.

Martha and Kenneth Reese were married on February 10, 1966 and resided together until their separation in October 1977. Kenneth petitioned for dissolution in June 1978. Martha responded and agreed to the dissolution in August 1978. She prayed for $600 per month maintenance. Both parties sought an equitable property division.

At the time of the marriage of the parties in 1966, Kenneth was 44 years of age and had been an employee of the Missoula City Police Department for a period of 16 years. Martha was 49 years of age and was engaged in a contract cleaning business with the Hoerner-Waldorf Company, located in Missoula.

During the marriage, Martha received title to 136.95 acres of land situated in Powell County, Montana, as an inheritance from her mother. During the course of the marriage the parties paid the taxes on the land from joint funds. Following the separation of the parties, Martha divested herself of the land by deeding it to her children in joint tenancy. Subsequently one of the children died which resulted in that child's interest in the property reverting to Martha who in turn divested herself of the property by deeding it to her remaining children. Kenneth did not claim ownership of any portion of this land but asserted that it should be included as an asset in determining the claim of Martha to maintenance.

During the course of the marriage, the parties accumulated debts and obligations which totaled $15,000 at the time the parties separated. The total assets of the parties consisted of a trailer house valued at $3,200, a 1972 Jeep pickup worth $2,000, a 21 foot 1978 travel trailer which cost $8,000, a 1978 American Motors automobile which cost $5,000 and a

motorcycle with a value of $1,400. The assets were mortgaged for a total amount of $15,000.

Martha presently has independent income of $425 per month resulting from a payment to her by the Social Security Administration of $135.90 per month and income from employment in the cleaning business of $290 per month. Martha divested herself of ownership of the cleaning business by transferring it to her son for whom she now works. The maximum amount which Martha can earn without incurring a reduction in Social Security payments is the sum of $290 per month.

Kenneth receives income of $545 per month as a disability pension from the City of Missoula. Since September 24, 1970 and at the time of trial he was employed as a security officer by Hoerner-Waldorf and received $6.90 per hour. In addition, Kenneth will become entitled to a pension from Hoerner-Waldorf of $180 per month after completion of ten years of service, and upon retirement, in lieu of the wages mentioned above.

Both parties testified that they suffered from physical disabilities. Martha testified she suffers from an arthritic condition and Kenneth testified that physical disabilities resulted in his being retired from the Missoula Police Department.

Dissolution was granted in 1979 and Kenneth was ordered to pay $100 per month maintenance. The property was divided as follows: Martha was awarded the trailer house, furnishings, and the car which was in her possession. Kenneth received the rest of the property and assumed all of the debts incurred before separation.

It is from this award that Martha appeals alleging the following two issues as error:

-3-

(1) The findings and conclusions of the District Court are inadequate as a matter of law.

(2) The District Court erred in awarding only $100 per month maintenance to Martha.

Martha contends that the District Court erred in failing to include in its findings and conclusions, an express determination of the net worth of the parties at the time of dissolution of their marriage. In a recent decision, this Court stated:

> "Ordinarily the trial court must first determine the net worth of the parties at the time of their divorce before a proper distribution of marital property can be made. Vivian v Vivian (1978), ____ Mont. ____, 583 P.2d 1072, 35 St.Rep. 1359. But where, as here, the only issue is the disposition of the family home and furnishings, the net value thereof was not an issue. Under such circumstances, the failure of the District Court to find the net worth of the marital property is of no consequence." Schwartz v. Schwartz (1979), ____ Mont. ____, ____ P.2d ____, 36 St.Rep. 1980, 1981.

Similarly, here, net value of the family property is not an issue. Furthermore, in the presence case, "[t]here is no evidence in the record that the trial court did not establish the net worth of the marital estate prior to granting maintenance to [the] petitioner." Maberry v. Maberry (1979), ____ Mont. ____, 598 P.2d 1115, 1116, 36 St.Rep. 1511, 1513.

Appellant additionally asserts that the facts do not support the findings of the District Court. "Findings of fact shall not be set aside unless clearly erroneous.. . ." Rule 52(a), Mont.R.Civ.P. The substance of this issue is whether the lower court abused its discretion in the distribution of the marital property and in making the award of maintenance. The judgment of the District Court will not be altered unless a clear abuse of discretion is shown. In Re Marriage of Vashler (1979), ____ Mont. ____, 600 P.2d 208, 210, 36 St.Rep. 1726, 1728; In Re Marriage of Metcalf (1979), ____ Mont. ____, 598 P.2d 1140, 1142, 36 St.Rep. 1559, 1562; In Re Marriage of

-4-

Aanenson (1979), ____ Mont. ____, 598 P.2d 1120, 1123, 36 St.Rep. 1525, 1528; In Re Marriage of Kramer (1978), _____ Mont. ____, 580 P.2d 439, 442, 35 St.Rep. 700, 704; Zell v. Zell (1977), ____ Mont. ____, 570 P.2d 33, 35, 34 St.Rep. 1070, 1074.

The District Court in making its property and maintenance determinations must consider the factors enumerated in sections 40-4-202 and 40-4-203, MCA. The record here indicates that the District Court heard testimony and reviewed other evidence concerning the relevant factors set out in the statutes. We conclude that the District Court did not err in awarding maintenance of $100 per month to the appellant.

The decision of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

-5-