No. 80-66

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

RAYMOND W. ZELL,

       Plaintiff and Respondent,

       -vs-

VICTORIA M. ZELL,

       Defendant and Appellant.

Appeal from:  The District Court of the Ninth Judicial District,
            In and for the County of Toole, The Honorable
            Robert M. Holter, Judge presiding.

Counsel of Record:

    For Appellant:

        Conner, Baiz & Olsen, Great Falls, Montana

    For Respondent:

        Aronow, Anderson, Beatty & Lee, Shelby, Montana

Submitted on Briefs:  May 14, 1980

Decided: JUL 2 - 1980

Filed: JUL 2 - 1980

Thomas J. Kearney
                          Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This case presents a regrettable state of affairs wherein the parties to a divorce are still disputing the distribution of marital property ordered by the District Court in its 1975 decree of dissolution and affirmed by this Court. Zell v. Zell (1977), 174 Mont. 216, 570 P.2d 33.

The facts of this case are adequately set out in our prior opinion. Briefly, the marriage of Raymond Zell and Victoria M. Zell was dissolved in an October 20, 1975 decree which distributed equally the marital property of the parties. For purposes of this appeal, it is necessary only to point out that the wife, appellant here, was to receive the family residence, and the husband was to receive a rental property and all farm machinery. The farmland owned by the parties was ordered to be partitioned equally between them, and certain leases were also divided. The proceeds from the 1975 crops were to be divided equally between the parties after the husband was reimbursed for the costs of production and after all existing encumbrances against the farm machinery and the family residence were discharged. The aforementioned distribution of marital property was challenged by the wife on appeal and was affirmed by this Court in our prior opinion.

The controversy now before this Court arises out of the parties' refusal to carry out the property division ordered by the District Court. The wife neglected to convey her interest in the rental property to the husband, as ordered in the District Court decree, and she continued to collect rents on that property until January 1979. The husband failed to apply the net proceeds from the 1975 crops to discharge all encumbrances against the family residence,

which was awarded to the wife. Both parties failed to effect an equal partition of the farmland until November 1978, and the husband, who continued to farm the property after the October 20, 1975 divorce, made no accounting to the wife of his income derived from the property until 1979, although he delivered a share of the crop to her each year.

On motion of the wife, a hearing relating to the performance of the terms of the October 20, 1975 decree was held on February 22, 1979, before the same district judge who had presided at the original dissolution proceedings. After the hearing the judge directed each party to file an accounting of income and expenses for the years 1975 through 1978 to assist in implementing the original decree.

Following a second hearing on May 30, 1979, the judge appointed an accountant as a special master to make a complete report of the income and expenses of both husband and wife for the years in question. After the special master filed his report with the District Court on August 21, 1979, the parties made exceptions and objections to the special master's report. A hearing was held on September 27, 1979, during which both parties examined the special master and submitted further evidence and arguments.

On November 15, 1979, the District Court entered its supplemental findings of fact, conclusions of law, and judgment, ordering husband to pay wife the sum of $11,912.69 with interest at the rate of 6 percent per annum from July 1, 1976. The District Court entered a further order relinquishing jurisdiction. Wife filed a motion requesting a new presiding judge and a motion for a new trial and to amend and alter the supplemental findings of fact, conclusions of law and judgment relating to property matters,

which motion was denied by the new presiding judge following a hearing. She now brings this appeal.

The District Court stated in its supplemental findings of fact:

"2. The principal dispute between the parties relates to the income from the farm lands owned by the parties and from leased lands during the period starting with the year 1975 and ending with the year 1978. The October 20, 1975, judgment provided that the 1975 crops grown on these lands were to be sold and the proceeds used, first, to pay costs of production; second, to discharge liens and encumbrances existing against the real and personal property, and, third, any balance to be divided equally between the parties. From the time of the divorce through the year 1978, plaintiff continued to farm all of the deeded and leased land. He delivered over to defendant a share of the crop each year, but made no accounting to her of income and expenses until 1979. The 1975 income was not applied when received in accordance with the directives of the judgment. During the period from October 20, 1975, to September 21, 1977, when the Supreme Court decision was handed down, it appears that no action was taken by either party to carry out the terms of the decree. Thereafter, much of the delay in having an accounting and arriving at a settlement was due to defendant's change of attorneys and her inability to understand or agree to the terms of the judgment.

". . .

"6. Defendant's exception No. 6 to Master's report asks that plaintiff be responsible for the interest that has accumulated on the encumbrance existing against the property at 800 First Street South since he failed to make a timely full accounting and that he be ordered to discharge this encumbrance as provided by the October 20, 1975, judgment. The judgment provided that the encumbrance existing as of May 19, 1975, be discharged from proceeds of 1975 crop income before any part of the income was divided between the parties. The report shows that the property in question was encumbered to the amount of $16,065.10 on May 19, 1975. The report further shows that the net 1975 income from the farm lands, after reimbursing plaintiff for costs of production, was $64,910.48. Encumbrances to be deducted totaled $21,355.68, which included the $16,065.10 and $5,290.58 owing on farm machinery. This left $43,554.80 to be divided between the parties at $21,777.40 each. It appears further from the report that plaintiff did not apply the receipts from the 1975 crop in that fashion. He did not

> pay off the encumbrance on the property at 800 First Street South. Instead, he delivered to defendant 1975 grain of a value of $17,858.19, a sum sufficient to pay off the encumbrance. Defendant did not use the proceeds of the 1975 grain sale for that purpose, nor has she applied any of the payments received from plaintiff in subsequent years for that purpose, so this encumbrance still has not been satisfied. Plaintiff did not deliver to defendant any additional part of the 1975 crop. In effect, whatever balance is found by the Court in this proceeding to be owing to defendant is accountable to the failure of plaintiff to apply the 1975 sales proceeds as required by the judgment. Plaintiff should be chargeable for interest on that balance at the rate of 6% per annum from July 1, 1976, the approximate date on which the final sale of 1975 grain should have been made."

These findings are not seriously in dispute. Instead, wife presents arguments amounting to a claim that the District Court abused its discretion. She contends (1) that husband should be responsible for the accrued interest on the residence awarded to wife; (2) that the District Court abused its discretion by allowing husband to charge depreciation of farm machinery against his net income; and (3) that she was not given adequate access to husband's income and expense records, which were submitted to the special master and to the District Court. We find these arguments to be without merit.

Wife argues that because husband failed to discharge all encumbrances against the residence awarded to her as he was required to do under the October 20, 1975 decree, he should have been held responsible for all accrued interest rather than merely 6 percent per annum on the balance found owing to the wife. This argument might have some force if the wife had come to the court with clean hands, but she did not. The District Court found that much of the delay in carrying out its original decree was due to the wife's actions or inactions. While the husband was at fault for

his failure to discharge the encumbrances against the wife's residence out of the proceeds of the 1975 crops, the wife also disregarded the decree by failing to convey the rental property to husband as allocated by the decree and by collecting rents from the premises. Thus, we are satisfied that the District Court did not abuse its discretion in reaching an equitable solution. We stated in our previous opinion:

> "It is well settled in Montana that a district court has far reaching discretion in resolving property divisions and its judgment will not be altered unless a clear abuse of that discretion is shown . . . The criteria for reviewing the district court's discretion is: Did the district court in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all the circumstances." Zell v. Zell, supra, 570 P.2d at 35.

Rather than having acted arbitrarily, the District Court must be commended for employing not only its conscientious judgment but also the patience of Job in attempting to protect the rights of the parties, notwithstanding the fact that both parties must share responsibility for refusing to carry out the terms of the original decree issued nearly five years earlier. The District Court granted wife several hearings and appointed an accountant as a special master to determine each party's income and expenses for the years in question, an appointment which would have been unnecessary but for the intransigence of both parties in complying with the original decree. The District Court felt, and we agree, that there has been an unjustifiable delay in complying with its decree. Should there be any further delay, the District Court is, of course, empowered to utilize its contempt powers.

There being no abuse of discretion, the judgment is affirmed.

_____
                              Justice

We concur:

_____
        Chief Justice

_____

_____

_____
        Justices