No. 79-31

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

RICHARD SCHULTZ,

Petitioner and Appellant,

vs.

CARLA JEAN SCHULTZ,

Respondent and Respondent.

---

Appeal from:  District Court of the Eleventh Judicial District,
Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Regnier and Lewis, Great Falls, Montana

For Respondent:

Hash, Jellison, O'Brien and Bartlett, Kalispell,
Montana

---

Submitted on briefs: April 3, 1980

Decided: JUN 20 1980

Filed: JUN 20 1980

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is the second appeal taken from a petition for a dissolution of marriage and the equitable apportionment of assets of a marital estate. The petition was originally filed in the District Court of the Eleventh Judicial District, in and for the County of Flathead, the Honorable Robert Sykes presiding.

The facts of the case are fully developed in the first appeal, In re Marriage of Schultz (1979), ___ Mont. ____, 597 P.2d 1174, 36 St.Rep. 1330, and need only be briefly discussed here. Appellant husband and respondent wife were first married in June 1967, divorced a year and a half later, and remarried in December 1969. A petition for the dissolution of the second marriage was filed on July 28, 1977. At that time husband was 46 years old and employed as a railroad brakeman-conductor with net earnings of approximately $1,350 per month. Wife was 37 years old and unemployed, but had worked during the marriage as a bartender and waitress. The primary asset of the marital estate was a twenty-acre tract of land, known as the Haskill Creek property, located east of Whitefish, Montana, in Flathead County. A small log house was located on the property which served as the marital home of the parties during the marriages. Husband originally purchased the land for $11,000 prior to his marriages to wife, and approximately $5,000 of the purchase price was paid by husband during the marriages.

On March 23, 1978, the District Court distributed the marital estate. The personal property was divided equally between the parties, and husband received the Haskill Creek property but was ordered to pay wife $6,000 as her interest

therein. Husband was also ordered to assume all marital obligations and was given credit for his contributions toward the support of wife's children. The following chart indicates the court's apportionment:

| DESCRIPTION | VALUE | TO HUSBAND | TO WIFE |
|---|---|---|---|
| (1) Real Estate | $40,000 | $34,000 | $ 6,000 |
| (2) Less Contract Balance & Equity | (6,000) | (6,000) | |
| (3) Personal Property | 7,170 | 3,585 | 3,585 |
| (4) Less Debts | (4,280) | (4,280) | |
| (5) Less Child Support Contributions | (20,000) | (20,000) | |
| NET | | $ 7,205 | $ 9,585 |

Wife contested the above apportionment in the first appeal on the basis of issues unrelated to those raised here. We remanded the case to the District Court to enter certain findings with respect to the personal property of the parties and to distribute the marital estate without considering husband's contributions toward the support of wife's children. Following our instructions, the District Court re-apportioned the marital estate, this time dividing the estate equally between the parties with respect to both real and personal property. Husband again was ordered to assume all marital obligations, and the property was divided in the following manner:

| DESCRIPTION | VALUE | TO HUSBAND | TO WIFE |
|---|---|---|---|
| (1) Real Estate | $40,000 | $25,190 | $14,810 |
| (2) Less Contract Balance & Equity | (6,000) | (6,000) | |
| (3) Personal Property | 7,170 | 3,585 | 3,585 |
| (4) Less Debts | (4,280) | (4,280) | |
| NET | | $18,495 | $18,395 |

An objection to this second apportionment is now raised by husband in the form of a second appeal. Husband argues that the District Court committed reversible error and abused its discretion by dividing the marital estate equally between the parties without considering the relative contributions of the parties. In particular, husband objects to the District Court's award to wife of a greater interest in the Haskill Creek property simply by reason of her living on the property during the marriage.

In considering husband's arguments, we note, first of all, that a District Court has far-reaching discretion in resolving property division disputes in dissolution proceedings and that the District Court's judgment will not be disturbed unless a clear abuse of discretion is demonstrated. Zell v. Zell (1977), 174 Mont. 216, 570 P.2d 33, 35; In re Marriage of Aanenson (1979), ___ Mont. ___, 598 P.2d 1120, 1123, 36 St.Rep. 1525, 1528; Cook v. Cook (1972), 159 Mont. 98, 103, 495 P.2d 591, 593-594; Schwartz v. Schwartz (1979), ___ Mont. ___, 602 P.2d 175, 176; 36 St.Rep. 1980, 1981. To prevail in this case, husband must show, therefore, that the District Court clearly abused its discretion.

The primary focus of husband's arguments concerns the District Court's apportionment of the Haskill Creek property, which was acquired by husband prior to his marriages to wife. That property consisted of a twenty-acre tract of partially cleared and partially uncleared land. At the time of purchase, a small log house was located upon the property, and there was second growth timber of only marginal merchantable quality. Husband and his friends made several substantial improvements to the house while the parties lived there during the marriages.

In disposing of property acquired prior to a marriage, a District Court is required by statute to consider:

> ". . . those contributions of the other spouse to the marriage, including: (a) the nonmonetary contribution of a homemaker; (b) the extent to which such contributions have facilitated the maintenance of this property, and (c) whether or not the property disposition serves as an alternative to maintenance arrangements." Section 40-4-202, MCA.

Husband here refers to certain conclusions made by the District Court for his argument that wife was not entitled to a greater interest in the property because of her lack of contributions. The District Court concluded in its conclusions of law that wife made no substantial improvements to the Haskill Creek property and that she dissipated the marital estate. The court found, however, that by reason of wife's living on the property during the marriage and the period in which improvements were made, she was entitled to equal interest in the property.

In understanding the conclusions and the discretion of the District Court, it is important to consider the findings of fact entered by the court. These findings provide, in part, a basis for the court's conclusions. Husband would have us believe, from a rather selective examination of the court's conclusions, that wife made no contributions to the Haskill Creek property but simply lived on it, and further that wife was the sole cause and reason for the dissipation of the marital estate. The findings of fact indicate otherwise. The court found factually that both parties were responsible to some extent for the dissipation of the marital estate and that wife made considerable sacrifices while living upon the property. Finding of Fact No. 19 stated:

> "Considerable strife, turmoil and controversy occurred throughout the two marriages of the parties. Drinking on the part of both parties has contributed to the problem. The respondent

-5-

[wife] left the family home on several occasions; and the separation of the parties dissipated the assets and monies accumulated during the course of the marriage on the part of both parties." (Emphasis added.)

Finding of Fact No. 21 stated:

"Substantial improvements were made on the house during the marriages. The resulting living conditions were a problem in attempting to maintain reasonable conditions. The respondent [wife] contributed little physical effort in improving the house; but both parties neither expected nor required such effort on her part. The parties living on said property, where substantial improvements were being made, required considerable sacrifice of personal comfort."

We find substantial evidence in the record to support such findings. Testimony was given at the apportionment hearing regarding the parties' several conflicts and their drinking problems. It is impossible to conclude from such testimony that the separation of the parties and the subsequent dissipation of the marital estate was caused entirely by the actions of one party. The transcript also indicates that, while husband and his friends engaged in most of the physical work with regard to the improvements made upon the property, wife nevertheless did such things as buy bedroom lights, bathroom lights and a hot water tank for the house, stain doors and casings, clean up messes during the construction, make trips into Whitefish for materials, ride the Caterpillar with husband in working the property and drive the truck during haying operations.

With respect to the living conditions that both parties lived with during the construction, there is testimony to the effect that there were considerable sacrifices made. An entire bedroom and bathroom were added, and there were no kitchen cupboards or carpeting in the house. One friend of husband's, who provided considerable help during the con-

struction, testified that the condition of the property before the start of the work was "pretty bad"--"there wasn't any water, sewer, no liveable conditions--it was really rough." Because of these contributions and sacrifices, we find that the District Court did not err or abuse its discretion in awarding wife a greater interest on the second apportionment.

In affirming the discretion and decision of the District Court, we wish to reiterate that, in dissolution proceedings, each case must be considered by District Courts individually with an eye to its unique circumstances. Cook v. Cook, 159 Mont. at 104, 495 P.2d at 59. There is no fixed formula or rationale to be applied in each case, except that the court's exercise of discretion must be reasonable under the particular circumstances. Biegalke v. Biegalke (1977), 172 Mont. 311, 315, 564 P.2d 987, 989. Here, both parties contributed to the maintenance of the Haskill Creek property, and both were responsible for the separation, which caused a dissipation of the marital estate.

Therefore, we find no abuse of discretion, and the judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-7-