No. 80-20

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

IN RE THE MARRIAGE OF
WARREN KIRK HARRIS,

Petitioner and Appellant,

-vs-

DELLA MAE STROTHMAN HARRIS,

Respondent and Respondent.

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Morrow, Sedivy, Olson & Scully, Bozeman, Montana

For Respondent:

Bolkovatz, Romine & John F. Bell, Helena, Montana

Submitted on briefs: August 14, 1980

Decided: SEP 2 5 1980

Filed: SEP 2 5 1980

_Thomas J. Kearney_

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Warren Kirk Harris appeals the decision of the District Court of the Eighteenth Judicial District, Gallatin County, awarding property to his wife, Della Mae Harris, upon a finding that their property settlement agreement was deficient.

On January 26, 1978, petitioner filed an action for dissolution of the marriage. The matter came before the Honorable W. W. Lessley, presiding without a jury, and was completed on December 4, 1978. The following day, the parties executed and signed a settlement agreement disposing of the marital property. The agreement was approved by the District Court and incorporated into the decree of legal separation entered on December 19, 1978. The decree of legal separation was converted into a decree of dissolution on June 27, 1979. Husband petitioned the District Court for enforcement of the settlement agreement.

At the conclusion of a July 3rd hearing, the District Court entered findings of fact and conclusions of law to the effect that the agreement was deficient in two items of personal property, which the court subsequently granted to the wife. After denial of petitioner's motion to amend the findings, or in the alternative to grant a new trial, the husband appealed to this Court. We affirm.

The parties were married in Bozeman, Montana, on July 4, 1975. After serious marital problems developed between them, the Harrises executed the December 5th settlement agreement. By the terms of that agreement, the wife was deeded property near Flathead Lake and a residence in Missoula. She was to continue as co-owner with her husband of commercial real estate being leased to her husband's

business. Further, she was directed by the agreement to sign a six-year lease of the real property to the business for $40,000 with the stock to be placed in escrow.

In his petition for enforcement of the agreement, the husband alleged that his wife had failed to honor the terms of their agreement by failing to sign the lease for the real property, that she had failed to direct the bank as to the disposition of the rental income, and that she had failed to complete the conveyance of her stock in the business operated by her husband. At the hearing on the petition to enforce the settlement agreement, the wife testified that she had refused to complete her obligations under the agreement because it was obvious to her that her husband, contrary to prior understanding and oral representations, was no longer going to provide her with an automobile and medical insurance coverage. She testified that there was confusion as to what in fact was agreed to under the agreement. The District Court concluded that the agreement was deficient as to the automobile and the insurance, and directed the husband to furnish the additional items.

Petitioner offers the following issues for our review:

1. Was Mrs. Harris' request for additional property made orally to the court, over six months after entry of the legal separation decree and approval of the written agreement, barred by Rule 60(b), M.R.Civ.P.

2. Was an earlier finding of the court, as to the conscionability of the agreement, res judicata as to the subsequent requests of the wife.

3. Did the District Court err in considering allegations of an oral agreement made simultaneously with the

-3-

written property settlement agreement?

4. Was there sufficient evidence of the oral agreement as to provision for the automobile and medical insurance to support the District Court's findings?

5. Did the District Court err in making the grant of personal property, in addition to the terms of the agreement, without making required findings of fact, such as the net worth of the parties, as required by section 40-4-202, MCA?

Rule 60(b) of the Montana Rules of Civil Procedure recites in applicable part:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> " . . .
>
> "(6) any other reason justifying relief from the operation of the judgment."

The District Court record discloses that the husband made no objection at the enforcement hearing to the timeliness of his wife's requests. Although we recognize that there may have been a crucial issue at the trial court, the husband's failure to object makes timeliness a nonjudiciable issue on appeal. The reason for this is clear. The trial court did not have its attention drawn to the objection to which we are now directed. If the wife's requests were inappropriately made to the District Court, it is the obligation of opposing counsel to illuminate the impropriety by making an express objection to it so that the judge may resolve the issue. Error of this kind must be raised at the District Court level and may not be urged upon this Court for the first time on appeal. Kearnes v. McIntyre Construction Co. (1977), 173 Mont. 239, 567 P.2d 433; Pickett v. Kyger (1968), 151 Mont. 87, 439 P.2d 57. See also Bower v. Tebbs (1957), 132 Mont.

146, 314 P.2d 731. Without an objection there need be no ruling, and without a ruling this Court must conclude that the wife made her requests within the "reasonable time" required by Rule 60(b), M.R.Civ.P.

The District Court below acknowledged in its decree of legal separation, dated December 19, 1978, that the settlement agreement executed by the parties and incorporated into the decree was conscionable and should be approved. The husband now asks this Court to find that the District Court's finding as to conscionability of the Harris' settlement agreement is res judicata as to the issue of their marital agreement, thus barring any further requests by the wife. We do not come to that conclusion.

In Brannon v. Lewis and Clark County (1963), 143 Mont. 200, 387 P.2d 706, citing the rule of State ex rel. Sullivan v. School District No. 1 (1935), 100 Mont. 468, 50 P.2d 252, we established four criteria which must be established before a plea of res judicata can be sustained. The parties must be the same or in privity the issues must be the same, the subject matter of the action must be the same, and the relationship of the parties to the subject matter must be the same. Brannon concludes, as do we, that the most important of these criteria is that of the identity of issue. In this case there is sufficient dissimilarity as to the issues involved to make the doctrine of res judicata inapplicable.

The District Court's finding was that the agreement executed by the parties was not unconscionable, not that it was necessarily complete. The agreement disposed of the Harris' marital property but made no provision for any future support. The property disposition has no direct bearing on any contemporary agreement for obligations to be fulfilled in

-5-

the future. Therefore, this Court must conclude that there is no identity of issues and that res judicata does not bar further action on any alleged agreements between the parties as to matters not involving the disposition of marital property.

Petitioner further asserts that the District Court erred in considering evidence of an oral agreement made simultaneously with the written settlement agreement. However, the record discloses that the husband made no objection during trial court proceedings to his wife's testimony about the automobile and the insurance. Once again, we must conclude that although there may have been a critical issue as to the admissibility of such evidence below, the husband's failure to raise the issue of parol evidence at the District Court forfeited any right to a remedy on appeal. Kearnes v. McIntyre Construction Co., supra. See also Massey-Ferguson Credit Corp. v. Brown (1976), 169 Mont. 396, 401, 547 P.2d 846.

It is the petitioner's position that there is insufficient evidence to support a finding that an oral agreement existed between the parties. In the resolution of this issue, we are guided by a number of well-established principles adhered to by this Court. The credibility of witnesses and the weight to be given their testimony are matters which are exclusively the province of the District Court in a nonjury case. Corscadden v. Kenney (1977), 175 Mont. 98, 572 P.2d 1234. In examining the sufficiency of the evidence we review the same in a light most favorable to the prevailing party, and we further presume the findings of fact and conclusions of law of the District Court to be correct. Rock Springs Corp. v. Pierre (1980), ____ Mont. ___, ____P.2d ___,

37 St.Rep. 1378, 1384. Only if our review discloses a decided preponderance of evidence contrary to the findings and conclusions of the District Court, will we disturb the judgment of the District Court. Morgan and Oswood Const. Co. v. Big Sky of Montana (1976), 171 Mont. 268, 275, 557 P.2d 1017, 1021.

In the case at bar, we conclude that there is no preponderance of evidence contrary to the findings of the trial court. The only evidence that an oral agreement did not exist was the husband's denial that such an agreement was made. However, the husband did place a car at his wife's disposal for several months after their separation which could properly be interpreted as an action in furtherance of his obligations under the oral contract. We will not decide whether or not the District Court was correct in its assessment of the evidence before it, but we do find that the evidence was sufficient to support differing conclusions, and we are constrained to honor the judgment of the District Court.

Accordingly, we can also conclude that the findings of the District Court were based on sufficient evidence so as to properly support the court's judgment.

Petitioner finally contends that the District Court erred in making an "equitable" grant of personal property without making certain findings, such as the net worth of the estate, as required under section 40-4-202, MCA. We disagree.

This Court has held that a District Court need not set forth with particularity its findings if there is substantial evidence that the court was aware of and considered the directive items of section 40-4-202, MCA. The husband specifically mentions the net worth of the marital estate. As this Court found in Maberry v. Maberry (1979), _____ Mont. ___, 598 P.2d

1115, 36 St.Rep. 1511, 1513:

> "There is no evidence in the record that the trial court did not establish the net worth of the marital estate prior to granting maintenance to the petitioner."

The court below held a hearing on all elements in marital estate, and there is no substantial evidence the court did not consider the whole of the marital estate in finding that the separation agreement was deficient. Moreover, as we found in In Re the Marriage of Miller (Cause No. 80-71, Decided August 27, 1980), the existence of a valid agreement presumes that the net worth of the parties has been considered by the parties as to the property disposed of by the agreement. In the case before us there is substantial evidence that the net worth of the parties was established by the District Court and by the settlement agreement executed by the parties.

This Court will not disturb the conclusion of the lower court absent a clear abuse of discretion by which the trial judge acted arbitrarily without the employment of conscious judgment or exceeded the bounds of reason. In Re the Marriage of Fredericksen (1980), ___ Mont. ___, ___ P.2d ___, 37 St.Rep. 191, 192. Although we recognize that the procedure by which the wife's request was granted was irregular and procedurally infirm, we cannot go so far as to conclude that the District Court acted without "the employment of conscious reason" or "exceeded the bounds of reason."

Accordingly, we affirm.

_____
Justice

We concur:

_____

_____

_____
Justices

-8-

Mr. Chief Justice Frank I. Haswell dissenting:

I dissent.

The majority decision in this case paves the way for disgruntled spouses to come into court at any time for a review of their written property settlement agreements. Not only does this violate settled contract law, but it circumvents the purposes of the Uniform Marriage and Divorce Act as adopted in this state. Section 40-4-201(1), MCA provides the procedure by which parties to a marriage can enter into a written agreement setting forth their respective rights and obligations upon termination of their marriage:

> "Separation agreement. (1) To promote amicable settlement of disputes between parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for disposition of any property owned by either of them, maintenance of either of them, and support, custody, and visitation of their children."

This agreement is binding upon the court, unless the court finds it to be unconscionable:

> "(2) In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except those providing for the support, custody, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable." Section 40-4-201(2), MCA.

The district judge, in entering the decree of legal separation of December 19, 1978, made several findings with respect to the parties' written property settlement agreement:

> "2. That the Property Settlement Agreement of the parties, dated December 5, 1978, is made a part of this Decree."
>
> " . . .
>
> "6. That said Property Settlement Agreement is not unconscionable."

-9-

Once such findings are entered by the District Court, the UMDA further provides that "[t]erms of the agreement . . . are enforceable . . . as contract terms." Section 40-4-201(5), MCA. In enforcing property settlements as contractual agreements, this Court has consistently relied on Montana contract law to find that a written instrument supersedes all oral negotiations which occurred prior to or simultaneously with the execution of the written agreement. Section 28-2-904, MCA; Merritt v. Merritt (1974), 165 Mont. 172, 178, 526 P.2d 1375, 1379.

Both parties to this action admit to extensive negotiations and discussions prior to signing this agreement. Mrs. Harris acknowledged in court that " . . . for a whole year we discussed in many ways [sic] of settlement. Every time he decided to divorce me again, we would come up with another type of settlement."

Finally, on December 5, 1978, the parties did sign a written settlement agreement, disposing of their real and personal property. At that point in time they fixed their rights and obligations with respect to their property, Miller v. Miller (1980), _____Mont._____, _____P.2d_____, 37 St.Rep. 1523, 1526, and their prior discussions about disposition of their property were no longer determinative. Section 28-2-904, MCA.

The district judge made no factual finding that the parties had entered into a separate enforceable oral agreement. Rather, he concluded that the property settlement finalized the parties' property disputes and was a complete and final property agreement except that it was deficient with respect to insurance and the car. There were no allegations of, or findings of, fraud, mistake or overreaching, nor was any reason given to explain why these items were not included in the agreement. Yet the District Court and this Court are prepared to rewrite this written property agreement, signed voluntarily by both parties, and in the presence of their own attorneys.

-10-

The majority characterizes the car and the insurance as matters which would _not_ necessarily be covered by the property settlement agreement, but rather as items of "future support" that could be the subject of a separate agreement. Yet there was no factual finding of a separate support agreement, and in fact, the district judge implicitly noted in his findings that these two items were merely omissions from the property settlement, and in awarding these to Mrs. Harris, the district judge found that the same consideration supported the award of these items as supported the other property distributed to her.

I do not dispute the power of the District Court judges in Montana to modify a property settlement. Section 40-4-208(3) provides:

> "(3) The provisions as to property disposition may not be revoked or modified by a court, except:
>
> "(a) upon written consent of the parties; or
>
> "(b) if the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state.

But there was no finding made by the district judge which justifies the reopening of this judgment. There was no finding of fraud, mistake, misrepresentation, or any other condition which allows the rescission or modification of a contract. This contract was modified only because the court found it to be "inequitable," despite the judge's earlier finding that the agreement was not "unconscionable."

It is unfortunate if one party to an agreement neglects to include terms which in retrospect that spouse feels should have been included. But this is no reason to overturn the age-old law of contracts, which seeks to preserve the sanctity of a written agreement, and allows parties to it to be apprised of their rights and obligations under that agreement.

_____
Chief Justice

-11-