**Kenneth Lee KULSCAR, Appellant,**

v.

**Cynthia Renee KULSCAR, Appellee.**

No. 82558.

Court of Appeals of Oklahoma, Division No. 3.

May 2, 1995.

Kenneth Lee Kulscar, Oklahoma City, pro se.

Richard Morris, Oklahoma City, for appellee.

OPINION

ADAMS, Judge:

Appellant and Appellee were divorced in 1989. As part of the division of property, the trial court awarded Appellee:

> [A]n amount of money equal to **NINE TWENTIETHS [%₀TH]** of the gross retirement of the [Appellant] as and for division of property interests acquired by the parties in, to and of the retirement pension of the [Appellant], payable monthly to the [Appellee] by the [Appellant], at such time as the [Appellant] retires from the active military service and becomes eligible and commences to receive such retirement funds from the United States Air Force. (Emphasis in original.)

In October of 1992, Appellant left active military service with the United States Air Force and joined the Air Force Reserve under a special incentive program enacted in 1991 to reduce the size of the United States military. Appellant received a Special Separation Benefit (SSB) lump sum payment equal to 15 per cent of the product of his nineteen years of service and his annualized basic pay. Appellant paid no portion of the lump sum payment to Appellee, and she commenced contempt proceedings.

After appropriate hearing, the trial court found Appellee was entitled to %₀ths of the SSB payment, found Appellant in indirect contempt, and ultimately sentenced him to 180 days in the Oklahoma County Jail after Appellant failed to purge the contempt by payment of the appropriate amount. In this appeal, Appellant argues the trial court could not properly find him in contempt because the decree covered only retirement benefits, and the SSB payment was not "retirement."

In this equitable proceeding we must affirm the trial court's decision unless the record reveals some error of law or the trial court's decision is clearly against the weight of the evidence. *Marshall v. Marshall,* 364 P.2d 891 (Okla.1966). In order to determine whether contempt was appropriate in this case we must consider two threshold questions: (1) Was Appellee entitled, under the decree, to part of the SSB payment? and (2) If so, was the decree clear enough to give Appellant notice of the decree's intent? *See McCrary v. McCrary,* 723 P.2d 268 (Okla. 1986). If we answer both of those questions affirmatively, we must also consider whether there was sufficient evidence that Appellant could have complied with the decree but wilfully chose not to do so.

The SSB program was created when Congress enacted 10 U.S.C. § 1174a. Under its provisions, certain active military personnel may voluntarily separate from active military service prior to becoming entitled to retirement and receive an SSB payment calculated based upon the formula in § 1174a. If an individual who has accepted an SSB payment thereafter reenlists in the active reserve and qualifies for retirement, the SSB payment is recouped from the retirement benefits to which that individual is entitled.[1]

So far as our research indicates, only one reported case addresses the treatment of an SSB payment in this context, *In re Marriage of Crawford,* 180 Ariz. 324, 884 P.2d 210 (App.1994).[2] Mr. Crawford voluntarily separated from service after 19 years in the United States Air Force and accepted an SSB payment. Despite a dissolution decree awarding his former wife thirty-two and one-half percent of Mr. Crawford's military retirement benefits, he paid his former wife nothing from the SSB payment and used the payment to purchase a home.

The *Crawford* Court affirmed a trial court order finding the former wife was entitled to her proportionate share of the SSB payment and imposing a lien on Mr. Crawford's home to secure that debt. Mr. Crawford, like Appellant, argued that the SSB payment was not a retirement benefit but a separation payment. Noting that by accepting the payment Mr. Crawford gave up his right to receive his retirement benefits accrued during the marriage, the court found the SSB payment was either retirement proceeds or a payment in lieu of retirement benefits.

Although Appellant's reenlistment in the reserve may allow him to use his previous active duty service to qualify for retirement benefits, the total benefits will be substantially less than if he had retired from active duty.[3] More importantly, even if Appellant later qualifies for and receives reserve retirement, the SSB payment must be recouped from the retirement benefits to which he would be otherwise entitled. *See* 10 U.S.C. § 1174a(g). We believe the approach espoused in *Crawford* is the more reasonable analysis and is more consistent with Oklahoma law than an analysis which allows one party to retain all the compensation for unilaterally altering a retirement plan asset in which the other party has a court-decreed interest. The trial court did not err in treating Appellant's SSB payment as retirement.

---

1. The parties agree that Appellant reenlisted in the Air Force Reserve immediately following his discharge from active duty. They apparently agree that he will be entitled to receive retirement benefits at age 60 if he remains in the Air Force Reserve for a period which when added to his previous service time will qualify him for retirement.

2. We found two other cases addressing this issue in the context of another voluntary separation program enacted by Congress, Voluntary Separation Incentive, 10 U.S.C. § 1175. Individuals separating under VSI receive annual annuity payments. One of these cases, *Abernethy v. Fishkin,* 638 So.2d 160 (Fla.App.1994), cited *Crawford* and treated the SSB payment as retirement.

The remaining case, *Kelson v. Kelson,* 647 So.2d 959 (Fla.App.1994), by a different Florida District Court of Appeals, concluded VSI annuity payments could not be treated as marital property because § 1175 contained a provision making the VSI annuity non-transferrable. The SSB authorizing legislation, 10 U.S.C. § 1174a, contains no provision limiting the transfer of the SSB payment.

3. Appellant will not begin receiving benefits until age 60. If he had retired from active duty, he would have started receiving benefits almost immediately. As a result of Appellant's voluntary separation and taking the SSB payment, Appellant will receive at least 240 fewer monthly retirement benefit payments.

■ In analyzing the second question, whether the language of the divorce decree was clear enough to give Appellant adequate notice that Appellee had an interest in the SSB payment, we must remember that Congress enacted the SSB program some years after the decree was entered, and the decree did not specifically refer to similar payments. Given the dearth of law interpreting these relatively new statutory provisions, it was not unreasonable for Appellant to conclude the decree did not cover the SSB payment. Accordingly, any order finding Appellant in indirect contempt cannot stand.

The trial court's order finding Appellee entitled to $19,800 as her part of the SSB payment is affirmed. The contempt judgment is reversed, and the case is remanded with instructions for the trial court to enter judgment in Appellee's favor against Appellant for $19,800.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

GARRETT, C.J., and HUNTER, J., concur.