We have for review Kelson v. Kelson, 647 So.2d 959 (Fla. 1st DCA 1994), because of conflict with Abernethy v. Fishkin,638 So.2d 160 (Fla. 5th DCA 1994), on the issue of whether Voluntary Separation Incentive (VSI) benefits paid to a service member upon voluntary separation from the armed forces qualify as military retirement pay under a property settlement agreement that provides for division of retirement pay. We have jurisdiction. Art. V, § 3 (b)(3), Fla. Const.
After a marriage of approximately fourteen years, Russell and Michelle Kelson were divorced in June 1990. The final judgment incorporated a marital settlement agreement that had been entered into by the Kelsons. A provision of the couple's property settlement agreement is at issue here. That provision provides that Michelle shall be awarded a monthly percentage share of Russell's "retired/retainer pay" upon Russell's *Page 1371 
retirement from the U.S. Marine Corps. The agreement also provided a formula for computing the percentage to be received by Michelle.
Approximately two years after entry of the final judgment of dissolution, but before Russell became eligible for retired pay, Russell elected to leave active duty and receive benefits under the newly enacted Voluntary Separation Incentive Program (VSI), which is codified at 10 U.S.C. § 1175. Under this election, Russell will receive an annual VSI payment of over $18,000 for thirty-two years rather than retired pay in monthly increments for life. Michelle filed a motion to "amend and/or modify" the final judgment, which both the trial court and district court treated as a motion to enforce or modify.[1]
According to Michelle, Russell's VSI benefits are the functional equivalent of the retired pay she is entitled to share under the parties' agreement. She maintains that to deny her an interest in Russell's VSI benefits would permit him to unilaterally divest her of her interest in his retired pay simply by electing to receive benefits under a program that did not exist at the time of the parties' agreement. The trial court denied Michelle's motion, "reluctantly" agreeing with Russell that 1) VSI benefits are not "retired/retainer pay" to be shared under the settlement agreement and 2) the court lacked jurisdiction to modify the agreement to provide for division of the VSI benefits.
The First District Court of Appeal affirmed. The district court agreed with the trial court that VSI benefits could not be considered retired/retainer pay, as used in the property settlement agreement. 647 So.2d at 961-92. It also agreed that the trial court lacked jurisdiction to modify the parties' agreement to encompass Russell's VSI benefits. Id. at 962.
This Court accepted jurisdiction to resolve apparent conflict with the Fifth District Court of Appeal's decision in Abernethy.
The Abernethy court upheld an order enforcing a property settlement agreement that provided for the division of the former husband's military retirement pay pursuant to the Uniformed Services Former Spouses' Protection Act (USFSPA) even though the former husband voluntarily separated from the military under the VSI program. Contrary to the decision under review, the Fifth District concluded that VSI benefits qualify as retired pay that is subject to equitable distribution under the USFSPA. 638 So.2d at 162-63.
After considering the statutes at issue, along with the relevant legislative history and case law, we find that VSI benefits are sufficiently similar to retired pay to allow for enforcement of the settlement agreement at issue here. While we do not agree with the Abernethy court that VSI benefits are covered by the USFSPA, we find that federal law does not preclude a state court from enforcing a property settlement agreement that is found to encompass VSI benefits.
In McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the United States Supreme Court held that federal statutes governing military retirement pay prevented state courts from treating such benefits as marital property subject to division in dissolution proceedings. In response to the McCarty decision, Congress enacted the Uniformed Services Former Spouses' Protection Act, which allows state courts to divide "disposable retired or retainer pay"[2] in dissolution proceedings according to state law. 10 U.S.C. § 1408 (c)(1). Relying on McCarty, Russell Kelson argues that because VSI benefits are not expressly included within the *Page 1372 
USFSPA and Congress enacted no provision authorizing state courts to divide VSI benefits in dissolution proceedings, the trial court was precluded from awarding any portion of his VSI benefits to Michelle. However, before we reach the preemption issue, we must explain our determination that VSI benefits are sufficiently similar to "retired pay," as provided for under the Kelson's property settlement agreement, to allow for enforcement of that agreement.
On December 5, 1991, Congress authorized the Voluntary Separation Incentive (VSI) and Special Separation Benefit (SSB) programs, which took effect in 1992. Pub.L. No. 102-190, §§ 661-664, 105 Stat. 1290, 1394-99 (1991) (codified at 10 U.S.C. § 1174a-1175). These early separation incentives were designed to induce members of the armed forces to leave the military voluntarily rather than run the risk of being involuntarily separated due to reductions in the size of the United States military. H.R.Conf.Rep. No. 102-311, 102nd Cong. 1st Sess., reprinted in 1991 U.S.Code Cong. Admin.News at 1111-12. Under both of the early separation incentive programs, qualifying service members who voluntarily leave active duty before their retirement vests receive benefits based on the individual's salary at the time of separation and years of service. 10 U.S.C. § 1174a(b), 1175 (e)(1). A service member who elects to leave active duty prior to becoming entitled to retired pay may choose a series of annual payments, referred to as a voluntary separation incentive, or a lump-sum special separation benefit. 10 U.S.C. § 1174a(b), (e)(3), 1175 (c). Not only are VSI/SSB benefits based on years of service and rate of pay as is retired pay, if a service member who has received a VSI/SSB payment thereafter reenlists in the active force and qualifies for retirement, the incentive payment must be recouped from the retirement benefit to which that individual becomes entitled. 10 U.S.C. § 1174a(g), 1174 (h), 1175 (e)(3). We agree with Michelle that, as a practical matter, VSI payments are the functional equivalent of the retired pay in which she has an interest under the settlement agreement. Accord In re Crawford,180 Ariz. 324, 884 P.2d 210 (Ct.App. 1994) (whether SSB payment represent retirement proceeds or a payment in lieu of retirement benefits, some portion of it is attributable to retirement funds); Blair v. Blair, 271 Mont. 196, 894 P.2d 958, 962 (1995) (election of special separation benefits is an election of early retirement); Kulscar v. Kulscar, 896 P.2d 1206 (Okla.Ct.App. 1995) (SSB payment is either retirement proceeds or payment in lieu of retirement benefits). Therefore, the trial court should have enforced the Kelson's settlement agreement by awarding Michelle a percentage of Russell's VSI benefits. If we were to hold otherwise a servicemember spouse would be able to defeat the other spouse's court-awarded interest in military retirement benefits by unilaterally altering the form of those benefits in a manner that was unforeseeable at the time the award was made.Accord In re Crawford, 884 P.2d at 213; Kulscar; 896 P.2d at 1208.
Such enforcement is not precluded by federal law. As noted above, in McCarty, the United States Supreme Court held that federal law governing military retirement benefits precluded state courts from distributing such benefits in marital dissolution proceedings. In response to McCarty, Congress enacted the Uniformed Services Former Spouses' Protection Act, which returned the retirement pay issue to the states. Pub.L. No. 97-252, § 1002 (a), 96 Stat. 730 (1982) (codified at 10 U.S.C. § 1408). The USFSPA gives state courts express authority to distribute "disposable retired or retainer pay" in dissolution proceedings according to state law. 10 U.S.C. § 1408 (c)(1). "Disposable retired or retainer pay" is the total monthly retired or retainer pay to which a service member is entitled less certain specified amounts not relevant here. 10 U.S.C. § 1408
(a)(4). The USFSPA, which was enacted prior to the enactment of the VSI/SSB programs, makes no mention of benefits payable under either of the special incentive programs. And there is no indication that Congress intended VSI/SSB payments to be covered by the provisions of the Act. However, the fact that state courts are not expressly authorized to reach VSI/SSB benefits under the USFSPA does not end our inquiry.
In Mansell v. Mansell, 490 U.S. 581, 587, 109 S.Ct. 2023, 2028, 104 L.Ed.2d 675 *Page 1373 
(1989), the Supreme Court reiterated that because domestic relations are preeminently matters of state law, when Congress passes general legislation, it rarely intends to displace state authority in this area. See Rose v. Rose,481 U.S. 619, 628, 107 S.Ct. 2029, 2035, 95 L.Ed.2d 599 (1987);Hisquierdo v. Hisquierdo, 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979). Thus, preemption will be found in domestic relations matters only if it is "`positively required by direct enactment.'" 490 U.S. at 587, 109 S.Ct. at 2028 (quotingHisquierdo, 439 U.S. at 581, 99 S.Ct. at 808). There is no direct enactment requiring preemption here. And we cannot agree with the district court below that the fact that a service member's right to VSI payments is not "transferable" precludes enforcement here. 10 U.S.C. § 1175 (f). Even the USFSPA, which allows state courts to equitably divide retirement benefits, contains a similar provision that prohibits the sale, transfer or assignment of retired pay. 10 U.S.C. § 1408
(c)(2). Moreover, it appears from a 1990 House Report predating the enactment of the voluntary separation incentives that equitable division of VSI/SSB benefits is not inconsistent with congressional intent. In relation to the congressionally mandated "force drawdown" the House Committee on Armed Services recommended "a comprehensive package of transition benefits to assist separating personnel and their families." H.R.Rep. No. 101-665, 101st Cong., 2d Sess., reprinted in 1990 U.S.Code Cong. Admin.News at 2962. Thus, because there is nothing in the statutes governing VSI/SSB benefits that prohibits a state court from determining the nature of such benefits, we agree with the other courts that have allowed enforcement of a settlement agreement or court decree dividing military retirement pay under circumstances similar to those present here. In re Marriage ofMcElroy, 905 P.2d 1016 (Colo.Ct.App. 1995) (marital settlement agreement providing for division of husband's "gross military retirement/pension benefits" and predating enactment of SSB program enforced against husband's special separation benefits);In re Marriage of Crawford, 180 Ariz. 324, 884 P.2d 210 (Ct. App. 1994) (same); Kulscar, 896 P.2d 1206 (dissolution decree awarding wife a portion of husband's military retirement benefits and predating enactment of SSB program enforced against husband's special separation benefits). The Department of Defense pamphlet entitled "Voluntary Separation Incentive, VSI/SSB," which is contained in the record, is consistent with our resolution of the preemption issue. The pamphlet states in pertinent part:
 How will state courts treat VSI/SSB in a divorce settlement?
 The treatment of VSI or SSB is not dictated by Federal law. It will be up to the state courts to rule on the divisibility of these incentives.
Accordingly, we hold that a trial court may enforce a settlement agreement or dissolution decree providing for the division of military retirement pay against VSI/SSB benefits. Thus, we approve Abernethy to the extent that it is consistent with this opinion. However, we quash the decision under review and remand for further proceedings in accordance with this decision.
It is so ordered.
SHAW and ANSTEAD, JJ., concur.
GRIMES, C.J., concurs in result only with an opinion, in which HARDING, J., concurs.
OVERTON, J., dissents with an opinion, in which WELLS, J., concurs.
WELLS, J., dissents with an opinion, in which OVERTON, J., concurs.
[1] Even though the motion Michelle filed in the trial court is entitled "Motion to Amend and or Modify Final Judgment of Dissolution of Marriage" both the trial court and the district properly treated the motion as if it were a motion to enforce or modify the final judgment. Accord Circle Finance Co. v. Peacock,399 So.2d 81, 84 (Fla. 1st DCA 1981) (court should look to substance, not title, of pleading to determine relief sought),review denied, 411 So.2d 380 (Fla. 1981); Blair v. Blair,271 Mont. 196, 894 P.2d 958 (1995) (decree providing for wife to share in husband's future net disposable military retirement pay could be enforced against husband's special separation benefits where "Motion for an Order Modifying Decree as to Retirement Benefits" was, in substance, a motion to enforce the decree).
[2] The current version of the statute refers only to "disposable retired pay." 10 U.S.C.A. § 1408 (c)(1) (West.Supp. 1994).