[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 396.]

MACKEY, APPELLEE, *v.* MACKEY, APPELLANT.

[Cite as *Mackey v. Mackey,* 2002-Ohio-2429.]

*Domestic relations—Divorce—Spousal support—Benefits received by a member of the military under the Voluntary Separation Incentive program qualify as marital property under R.C. 3105.171 and as such are divisible upon divorce.*

(No. 2001-0404—Submitted March 12, 2002—Decided June 5, 2002.)

Appeal from the Court of Appeals for Summit County, No. 20010.

———————————

SYLLABUS OF THE COURT

Benefits received by a member of the military under the VSI program qualify as marital property under R.C. 3105.171 and as such are divisible upon divorce.

———————————

ALICE ROBIE RESNICK, J.

{¶1} On January 30, 1989, Randy and Caroline Mackey were married in England. At the time of the marriage, Randy ("appellee") was a member of the United States Air Force and had been enlisted since 1977. During the marriage, Caroline ("appellant"), an English citizen, was employed as a secretary.

{¶2} Two children were born during this marriage, and in order to provide a more stable home environment for his family, appellee decided to leave the Air Force in June 1992, after he was offered a buyout plan designated as Voluntary Separation Incentive ("VSI"). Based on the terms of his VSI, appellee was to receive an annual pension of $6,566.76 payable for twenty-nine years. After accepting the buyout, appellee and his family moved to Akron, Ohio.

{¶3} In February 1999, in granting the parties a divorce, the trial court determined that "the period 'during the marriage' is from January 30, 1989 to August 18, 1998" and that "[appellee] was in the military for a total of 175 months of which forty-two (42) months occurred during the marriage." The trial court went on to conclude that appellee's VSI benefits were similar to a pension plan, thus making 24 percent of this pension subject to division as marital property.

{¶4} The appellate court reversed the decision of the trial court, holding that the court erred as a matter of law by determining appellee's VSI benefits to be marital property. This cause is now before the court on the allowance of a discretionary appeal.

{¶5} The issue before us is whether VSI benefits are marital property under R.C. 3105.171. We conclude that benefits received by a member of the military under the VSI program qualify as marital property under R.C. 3105.171 and as such are divisible upon divorce.

{¶6} In 1991, Congress enacted the Special Separation Benefits Programs ("SSB") and the VSI program in an attempt to effectuate and expedite the downsizing of the United States' military membership. Pub.L. No. 102-190, Sections 661-664, 105 Stat. 1290, 1394-1399, Sections 1174a and 1175, Title 10, U.S.Code. Both of these programs are voluntary actions that require the service member's affirmative request and application to participate. Sections 1174a(f) and 1175(d), Title 10, U.S.Code. Under these programs, a qualifying member receives benefits based on that member's salary at the time of separation and years of service. Sections 1174a(b) and 1175(e)(1).

{¶7} The primary difference between the two programs is that the SSB provides the participant with one lump-sum payment, while the VSI provides the participant with an annuity. Id. Not only are these programs based on years of service and rate of pay, as is retirement pay, but if a service member who has received a VSI or SSB payment thereafter reenlists and qualifies for retirement, the

incentive payment must be recouped from the retirement benefit to which that member becomes entitled. Sections 1174a(g) and 1175(e)(3).

{¶8} Prior to the advent of these programs, Congress passed the Uniformed Services Former Spouses' Protection Act ("USFSPA") in 1982. P.L. No. 97-252, 96 Stat. 730. The Act states: "Subject to the limitations of this section, a court may treat disposable retired pay payable to a member * * * either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." Section 1408(c)(1), Title 10, U.S.Code. Although the USFSPA does not specifically address the divisibility of VSI benefits, equitable division of these benefits is not inconsistent with congressional intent. See *Kelson v. Kelson* (Fla.1996*)*, 675 So.2d 1370, 1373. In relation to the congressionally mandated reduction in personnel that prompted the creation of the VSI and SSB programs, the House Committee on Armed Services recommended "a comprehensive package of transition benefits to assist separating personnel *and their families*." (Emphasis added.) H.R.Rep. No. 101-665, 101st Cong.2d Session, reprinted in 1990 U.S.Code Cong. & Admin. News, 2931, 2962.

{¶9} Accordingly, the USFSPA gives state courts the authority to equitably divide disposable retirement pay consistent with the laws of a particular jurisdiction. This conclusion is further supported by *Mansell v. Mansell* (1989), 490 U.S. 581, 587, 109 S.Ct. 2023, 104 L.Ed.2d 675, in which the Supreme Court noted that "[b]ecause domestic relations are preeminently matters of state law, we have consistently recognized that Congress, when it passes general legislation, rarely intends to displace state authority in this area." Thus, we now turn to Ohio law on this particular matter.

{¶10} R.C. 3105.171(A)(3)(a) states:

{¶11} " 'Marital property' means:

{¶12} "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, *the retirement benefits of the*

*spouses, and that was acquired by either or both of the spouses during the marriage*;

**{¶13}** "(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, *the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage*." (Emphasis added.)

**{¶14}** In *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597, syllabus, this court held, "A vested pension plan accumulated during marriage is a marital asset and must be considered * * * in dividing marital assets and liabilities to ensure that the result reached is equitable." The question remains, then, whether VSI payments are appropriately categorized as retirement benefits.

**{¶15}** Several jurisdictions have considered this issue and concluded that VSI and SSB benefits qualify as retirement benefits and are therefore divisible as marital property.

**{¶16}** In *In re Marriage of Heupel* (Colo.1997), 936 P.2d 561, the Colorado Supreme Court was asked to consider "whether DuWayne P. Heupel's lump sum payment, received from the United States Air Force under the Special Separation Benefit (SSB) program * * *, should be treated as retired pay for purposes of equitable distribution under the separation agreement of his dissolution decree." Id. at 562.

**{¶17}** The parties in *Heupel* were married for seventeen years, and at the time of the dissolution, the husband had fifteen years of service with the United States Air Force. The separation agreement provided that the wife would receive one-half of the husband's military benefits once he retired; the husband, however, opted to receive an SSB settlement before becoming eligible for retirement. Id. at 562-563.

**{¶18}** The court concluded, "[W]e hold that funds paid out under the SSB and VSI programs are accorded the same status as retired pay and that,

consequently, state distribution laws are not pre-empted." Id. at 568. The court reasoned that "unilateral control to transform marital property into separate property could inappropriately sway a service member's decision to opt for the SSB or VSI program. This would have the undesirable consequence of divesting the nonemployee spouse of a valuable marital asset." Id. at 569.

{¶19} In the case at bar, appellee opted to accept the VSI from the Air Force before he became eligible to receive his retirement benefits. Appellee admitted at trial that his decision to take the VSI was based on his desire to have his children attend school in one location "rather than continue my career in the Air Force and bounce from station to station." Comparable to the manner in which retirement pay is calculated, appellee's VSI annuity was based on his years of service and rate of pay at the time of his separation from the military. The trial court correctly found that a portion of appellee's VSI was accrued during the time the parties were married. Therefore, it is only reasonable that the portion of benefits earned during the marriage would be divisible between the parties upon divorce.

{¶20} In *Kelson*, 675 So.2d 1370, the Florida Supreme Court was asked to consider whether "Voluntary Separation Incentive benefits paid to a service member upon voluntary separation from the armed forces qualify as military retirement pay." Id. at 1370.

{¶21} The court reasoned that "VSI benefits are sufficiently similar to retired pay to allow for enforcement of the settlement agreement at issue here." Id. at 1371.

{¶22} Similarly, in *In re Marriage of Blair* (1995), 271 Mont. 196, 201, 894 P.2d 958, the court stated that "[w]e characterize separation pay received under the Special Separation Benefits program (10 U.S.C. § 1174a) as an election for early retirement.

**{¶23}** "We hold that payments received by a member of the military under the Special Separation Benefits program are an item of marital property subject to division by the dissolution court."

**{¶24}** Likewise, in *Fisher v. Fisher* (S.C.App.1995), 319 S.C. 500, 504, 462 S.E.2d 303, 305, the court concluded: "[T]he husband's early discharge under the VSI program is analogous to an early retirement. * * * [A]ny rights the husband now possesses to receive early discharge incentive payments are due to the time he spent in the military and accrued during his marriage to the wife, not after the separation agreement was approved."

**{¶25}** Accordingly, based on the case law and the original purpose of the VSI program, we hold today that benefits received by a member of the military under the VSI program qualify as marital property under R.C. 3105.171 and as such are divisible upon divorce. Therefore, the decision of the court of appeals is reversed and the judgment of the trial court is reinstated.

Judgment reversed.

MOYER, C.J., DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

_____

**COOK, J., concurring in part and dissenting in part.**

**{¶26}** Because benefits received under the VSI program are akin to pension benefits, they are subject to a marital-property division to the extent accumulated or acquired during the marriage. I therefore agree with the majority's decision to reverse the judgment of the court of appeals. Instead of reinstating the trial court's judgment, however, we should remand this cause to the court of appeals for consideration of Mr. Mackey's assignment of error challenging the trial court's valuation of the marital portion of the VSI benefits. Because the court of appeals ruled that the VSI benefits were Mr. Mackey's separate property, it held his valuation arguments to be moot. By simply reinstating the trial court's judgment,

the majority has deprived Mr. Mackey of appellate review of the trial court's valuation ruling.

Lundberg Stratton, J., concurs in the foregoing opinion.

————————————

Community Legal Aid Services, Inc. and Susan M. Fitch, for appellant.

Morganstern, MacAdams & DeVito Co., L.P.A., and Michael A. Partlow for appellee.

————————————